### 508.   FRANKLIN *v.* THE STATE.

The facts alleged in the accusation and proved did not constitute the offense of cheating and swindling; and the verdict should have been set aside and a new trial granted on the general grounds.

Accusation of cheating, etc., from city court of Fayetteville— Judge Hollingsworth.   April 24, 1907.

Argued July 17,—Decided July 25, 1907.

*J. W. Wise,* for plaintiff in error.

*T. V. Lester, solicitor,* contra.

HILL, C. J.   The defendant was convicted for a violation of the Penal Code, § 670, the general section on the subject of cheating and swindling.   The specific acts alleged as constituting the offense are set out in the accusation as follows:   said defendant "did on the 14th day of November, 1905, in county of Fayette, by using deceitful means or artful practices other than those mentioned in Vol. 3, Code of Georgia of 1895, cheat and defraud Charlie Bussey to the extent of ten dollars. . .   Said deceitful means and artful practice consisting in the said Franklin representing to said Charles Bussey that he had sworn out an accusation against said Bussey in the city court of Fayetteville for disturbing divine worship, said representation being false and fraudulent," etc.   The evidence showed that the defendant was the pastor of a church in the country; that the prosecutor, Bussey, had by disorderly conduct disturbed the congregation assembled in the church while engaged in divine worship.   The defendant proposed to prosecute him

for this offense; and while he did not actually swear out the accusation, he intended to do so, and did not carry out such intention because of the payment of ten dollars. We think, under these facts, the conviction was without evidence, and was contrary to law. The prosecutor was not defrauded or cheated by representation made by the defendant; neither was such representation deceitful or artful. The defendant did accuse the prosecutor of disturbing his congregation lawfully assembled for divine worship, and agreed not to press the prosecution or accusation if he was paid ten dollars. The ten dollars was paid, and, according to promise, no prosecution was instituted. While the conduct of the defendant or pastor does not show a very high standard of morality, yet it falls short of a penal offense.        *Judgment reversed.*